**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARYON COVINGTON,

     Plaintiff,

                        Civil Action No. 25-10482

v.

                        HON. DENISE PAGE HOOD

CITY OF DETROIT, et al.,

     Defendants.

_____/

**ORDER DENYING MOTION TO VACATE ORDER (ECF No. 8) and
MOTION TO AMEND/CORRECT OR ALTER JUDGMENT (ECF No. 10)**

**I.     INTRODUCTION**

On April 4, 2025, the Court entered an Order Granting Application to Proceed Without Prepaying Fees or Costs and Summarily Dismissing and Closing Action. (ECF No. 6)  The Court found that Plaintiff's claims failed to state a claim upon which relief may be granted since he failed to indicate whether the state criminal action was resolved.  *Id.*  at PageID.19-.20. This matter is before the Court on Plaintiff's Motion to Vacate Order on Application to Proceed Without Prepaying Fees or Costs under Rule 60***(d)(***4)[1]  (sic) as void and Rule 59(e) to alter or amend the judgment.   (ECF Nos. 8 and 10).

---

[1]  There is no Rule 60(d)(4) so the Court will review the motion under Rule 60***(b)***(4).

## II.    RULE 60(b)(4) – JUDGMENT IS VOID

Rule 60(b) of the Federal Rules of Civil Procedures provides that,

[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).   The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard.   *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998).   Motions based on (1), (2) and (3) must be filed no more than a year after the entry of the judgment or order.   Fed. R. Civ. P. 60(c)(1).   Motions under Rule 60(b)(4) and (6) must be filed "within a reasonable time."   Fed. R. Civ. P. 60(c)(1).   The catch-all provision in subsection (6) is only available when Rules 60(b)(1) through (b)(5) are inapplicable.   *Kemp v. United States,* 142 S.Ct. 1856, 1861 (2022).   Exceptional and extraordinary circumstances are needed to grant relief under Rule 60(b)(6) and limited to "unusual and extreme situations where principles of equity mandate relief."   *Jones v. Bradshaw,* 46 F.4th 459, 482 (6th Cir. 2022).

Addressing Rule 60(b)(4) as raised by Plaintiff, a judgment is void if it "is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *In re Vista-Pro Auto., LLC*, 109 F.4th 438, 442 (6th Cir. 2024).   "A judgment is not void ... simply because it is or may have been erroneous." *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011) (citing *Espinosa*, 559 U.S. at 270). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief *only for the exceptional cas*e in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction."   *Espinosa,* 559 U.S. at 271.

Plaintiff has not shown that the Court lacked jurisdiction to review the Complaint.   The Complaint was dismissed because Plaintiff failed to allege in his Section 1983 wrongful conviction action that his state court criminal matter was resolved as required by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).   Plaintiff's Rule 60(b)(4) motion must be denied because he has not shown that this is an exceptional case where the Court in dismissing his case lacked even an "arguable basis" for exercising its jurisdiction.

## III.   RULE 59(e) – ALTER OR AMEND JUDGMENT

An amendment of an order after a judgment has been entered is governed by

Rule 59(e) of the Federal Rules of Civil Procedure.   Rule 59(e) provides that any motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.   Fed. R. Civ. P. 59(e).   Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice.   *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).   A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.   *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).   Parties seeking reconsideration of final orders or judgments must file a motion under Rule 59(e) and not under the Local Rules.   E.D. Mich. LR 7(h)(1).

Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) is untimely. The Order dismissing the action and Judgment were entered on April 4, 2025. (ECF Nos. 6, 7) The instant motion was filed on March 3, 2026, well beyond the 28 days required by Rule 59(e).   (ECF No. 10)   The Court denies Plaintiff's Motion as untimely.   Plaintiff's request to file an Amended Complaint is also denied.

## IV.   CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion to Vacate Order on Application to Proceed Without Prepaying Fees or Costs under Rule 60*(d)(*4) (sic), considered as a motion under Rule 60(b)(4) **(ECF No. 8**), is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion under Rule 59(e) to alter or amend the judgment **(ECF No. 10)** is DENIED as untimely.

IT IS FURTHER ORDERED that Plaintiff's request to amend the Complaint is DENIED and the Amended Complaint **(ECF No. 11)** is STRICKEN.

IT IS FURTHER ORDERED that any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated:   March 31, 2026

5